IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:12-CR-100-FL-1
NO. 4:20-CV-128-FL

| | |
|---|---|
| ALLEN GEROME GIBBS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE 61) and respondent's motion to dismiss (DE 68). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert B. Jones, Jr., entered a memorandum and recommendation ("M&R") (DE 72), wherein it is recommended that the court deny petitioner's motion and grant respondent's motion. Thereafter, petitioner objected to M&R. In this posture, the issue raised are ripe for ruling. For the following reasons, the court adopts the M&R, dismisses petitioner's § 2255 motion, and grants respondent's motion.

## BACKGROUND

Petitioner pleaded guilty on May 14, 2012, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine. The court sentenced petitioner, on September 19, 2013, to a term of imprisonment of 189 months. Petitioner appealed and the court of appeals affirmed the conviction.

Petitioner filed the instant motion to vacate on June 24, 2020, claiming that his sentence under the career offender provisions of the sentencing guidelines was incorrect, in light of Mathis

v. United States, 136 S.Ct. 2243 (2016) and United States v. Whitley, 737 F. App'x 147 (4th Cir. 2018). The government filed the instant motion to dismiss on September 3, 2020, arguing that petitioner's claim is not cognizable on collateral review, is untimely, and is barred by the waiver in his plea agreement. In M&R entered November 23, 2020, the magistrate judge recommends dismissal of the petition on the basis that petitioner's claim is not cognizable on collateral review, is untimely, and is barred by the waiver in his plea agreement. Petitioner filed objections to the M&R on January 13, 2021.

## DISCUSSION

A.     Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the

2

court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.  Analysis

The magistrate judge thoroughly and cogently addressed the grounds for dismissal of the instant petition. Upon de novo review of the claim asserted and the record in this case, the court overrules the objections and adopts the findings and recommendation in the M&R. The issues raised by petitioner's objections are addressed by the discussion in the M&R, and they do not provide a basis for additional analysis by the court.

In particular, the M&R correctly determined that petitioner's claim is not cognizable on collateral review because petitioner was not sentenced "in excess of the maximum authorized by law." United States v. Foote, 784 F.3d 931, 942 (4th Cir. 2015). In addition, and in the alternative, it is untimely because the legal decisions upon which petitioner relies are not "retroactively applicable to cases on collateral review" and they are not new "facts" creating an exception to the one-year statute of limitation. 28 U.S.C. § 2255(f). Finally, petitioner waived his right to bring a post-conviction challenge due to the waiver in his plea agreement. See United States v. Blick, 408 F.3d 162, 173 (4th Cir. 2005).

In sum, petitioner's claim must be dismissed as a matter of law.

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable
3

jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 72). Petitioner's motion to vacate, set aside, or correct his sentence (DE 61) is DISMISSED, and respondent's motion to dismiss (DE 68) is GRANTED. A certificate of appealability is DENIED. The clerk is DIRECTED is close this case.

SO ORDERED, this the 13th day of April, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge