UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Allen Gerome Gibbs**                    **Docket No. 4:12-CR-100-1FL**

**Petition for Action on Supervised Release**

COMES NOW Shawn M. Lyon, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Allen Gerome Gibbs, who, upon an earlier plea of guilty to Conspiracy to Distribute and Possess with the Intent to Distribute Five (5) Kilograms or More of Cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), was sentenced by the Honorable Louise W. Flanagan, U.S. District Judge, on September 19, 2013, to the custody of the Bureau of Prisons for a term of 189 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of five years.

Allen Gerome Gibbs was released from custody on April 5, 2024, at which time the term of supervised release commenced.

At sentencing, the defendant was ordered to abide by mandatory, standard, and special conditions of supervision. Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. §§ 3583(c) and (e)(2). Based on this assessment, it is recommended that the defendant be subject to the mandatory conditions that were imposed at sentencing, the standard conditions, as referenced in the current standing order for the Eastern District of North Carolina, and the below special conditions, as well as any other conditions previously imposed by means of prior court action during the term of supervision.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:**

1.  The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer.
2.  The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.
3.  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4.  The defendant shall support the defendant's dependents and meet other family responsibilities.
5.  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6.  The defendant shall notify the probation officer at least ten (10) days prior to any change of residence or employment.
7.  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8.  The defendant shall not frequent places where control substances are illegally sold, used, distributed, or administered, or other places specified by the court.
9.  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.

11. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by law enforcement officer.
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**IT IS THE FURTHER ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING SPECIAL CONDITIONS:**

1. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

2. The defendant shall submit a written weekly report to the probation office, if not regularly employed, of attempts to secure employment.

3. The defendant shall submit to a search, at any time, with or without a warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, and effects upon reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.

4. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation office.

5. The defendant shall provide the probation office with access to any requested financial information.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Based on the individualized assessment of this case, it is respectfully recommended that the defendant comply with the above conditions.

Additionally, on May 28, 2026, the defendant attempted to defraud a urinalysis test. Officer Kellum detected this deceit and instructed him to provide a valid sample. Gibbs possessed marijuana, as evidenced by this test, which was positive for marijuana. The defendant signed an admission of drug use, indicating he last used marijuana on May 6, 2026. The sample was packaged for shipment to Abbott Laboratories for confirmation. Gibbs was reprimanded for his conduct and expressed remorse for his actions. He has been referred to a local vendor to begin an approved course of substance abuse treatment. As a sanction for Gibb's violation conduct, it is respectfully recommended that he be subject to a curfew for 90 days.

**Allen Gerome Gibbs**
**Docket No. 4:12-CR-100-1FL**
**Petition For Action**
**Page 3**

The defendant signed a Waiver of Hearing acknowledging and agreeing to the standard and special conditions as outlined above.

**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision and subject to the above-listed conditions of supervision. To the extent that any of these conditions vary from those imposed at the time of sentencing, based on the individualized assessment conducted, these conditions replace those originally imposed.

**FURTHER PRAYING THAT THE COURT WILL ORDER** that the conditions of supervision be modified as follows:

1. The defendant shall adhere to a curfew as directed by the probation officer for a period not to exceed 90 consecutive days. The defendant shall be restricted to the residence during the curfew hours. The defendant shall submit to the following Location Monitoring technology: GPS. The defendant shall pay for the costs associated with the program.

In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,                                    I declare under penalty of perjury that the foregoing
                                                          is true and correct.


/s/ Melissa K. Lunsmann                                   /s/ Shawn M. Lyon
Melissa K. Lunsmann                                       Shawn M. Lyon
Supervising U.S. Probation Officer                        U.S. Probation Officer
                                                          200 Williamsburg Pkwy, Unit 2
                                                          Jacksonville, NC 28546-6762
                                                          Phone: 910-467-5110
                                                          Executed On: June 1, 2026

### ORDER OF THE COURT

Considered and ordered this _____2nd_____ day of _____June_____, 2026, and ordered filed and made a part of the records in the above case.

_____
Louise W. Flanagan
U.S. District Judge